

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2006

# Liem v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4159

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Liem v. Atty Gen USA" (2006). *2006 Decisions.* Paper 434.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/434

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4159
_____

ALEX EDY LIEM,
                                        Petitioner,
            vs.

UNITED STATES ATTORNEY GENERAL,
                                        Respondent.

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
U.S. Department of Justice, Executive Office for Immigration Review
(BIA No. A96-203-954)
I.J. Miriam K. Mills
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2006
_____

Before: SLOVITER, WEIS and GARTH, Circuit Judges

(Opinion Filed September 20, 2006)


_____

OPINION
_____

Garth, Circuit Judge:

        Alex Edy Liem petitions for review of an order of the Board of Immigration Appeals

("BIA") denying his application for withholding of removal. We have jurisdiction per 8

U.S.C. § 1252. For the reasons stated below, we will deny the petition.

I

Liem is an Indonesian native and citizen. He is Christian and of Chinese ethnicity.

In May 2000, Liem entered the United States on a temporary visitor's visa. He remained in the country without permission after his visa expired in November 2000. On June 3, 2003, he was served with a Notice to Appear charging him with being removable under 8 U.S.C. § 1227(a)(1)(B) (alien present in violation of law). Liem conceded removability. On December 10, 2003, he filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]

Liem claims to have suffered persecution based on his religion and ethnicity in Indonesia throughout his life, culminating in several incidents that occurred in the wake of a failed business partnership. His account of this persecution is as follows:

Liem maintains he suffered periodic slurs as a child because he is Christian and Chinese. Then, in 1998, he entered into a business partnership with several other men, two of whom were native Indonesian and the remainder of whom were Chinese. One of the native Indonesian partners, Lieutenant Edward, was the chief of a local police station. When the other native Indonesian partner, Burhan, absconded with all the money the partners had invested in the business venture, Lieutenant Edward accused the remaining partners, Liem

---

[1]Liem's wife is a derivative applicant on Liem's application for relief from removal. Because we deny Liem's petition for review, his wife is denied relief as well. *See* 8 U.S.C. § 1158(b)(3)(A).

2

included, of conspiring with Burhan to steal his money. He summoned them by letter to the police station on two occasions. At the station, they were interrogated and forced to sign an agreement promising to repay Lieutenant Edward the money Burhan had taken. Lieutenant Edward also threatened them by saying: "You stupid Chinese, if you refuse to pay we will force you, we will strip off your clothes and take you to the city and humiliate you." App. 241. A week later, seven "army soldiers" came to Liem's house and took him and his wife to the police station, where Lieutenant Edward beat him. Liem's wife was in the next room at the police station when Edward beat Liem.

Immediately thereafter, Liem and his wife fled to Jember, the hometown of his wife's parents. They remained there until May 2000, when they left for the United States. Liem stated that Lieutenant Edward "chased" him to Jember and "tried to look for [him and his wife]" there, but conceded that Edward did not find them and that they did not "have any problems" living in Jember. App. 135-36.

After a hearing, the Immigration Judge ("IJ") denied Liem's asylum application because Liem had filed it outside of the one-year filing deadline, and the IJ found that none of the circumstances that permit waiver of that deadline were present. App. 91-92; 8 U.S.C. §§ 1158(a)(2)(B) & (D).

The IJ also denied Liem's withholding of removal claim. She reasoned that Liem had not suffered qualifying past persecution because not only had Lieutenant Edward not been exercising state power, but his motivations were also not religion and ethnicity but "a personal matter, a bad business venture." App. 94. The IJ further found that Liem "failed to

3

rebut that his relocation was not a safe haven from the police lieutenant."[2] App. 93. Finally, the fact that Liem's wife was present for the hearing but did not testify, despite Liem's claim that she was in the waiting room of the police station and heard the beating, lead the IJ to take an "adverse inference on the credibility of respondent's claim." App. 94. The IJ had prompted the wife to testify and commented in the decision that because the alleged beating was "a core matter underlying [Liem's] claim . . . his failure to attempt to corroborate through his wife's testimony is inexplicable." App. 94.

Lastly, the IJ denied Liem's CAT claim. She then granted Liem voluntary departure.

The BIA "adopt[ed] and affirm[ed] the decision of the Immigration Judge," agreeing with the reasoning set forth in that opinion. App. 2. In his petition for review, Liem challenges only the IJ's ruling on his withholding of removal claim.

II

Because the BIA affirmed the IJ's decision and adopted the IJ's rationale, this court must review the IJ's opinion. *See, e.g., Korytnyuk v. Ashcroft*, 396 F.3d 272, 286 (3d Cir. 2005) ("where the BIA simply states that it affirms the IJ's decision for the reasons set forth in that decision . . . the IJ's opinion effectively becomes the BIA's, and, accordingly, a court must review the IJ's decision.") (quotation and citation omitted).

---

[2]Because we find that substantial evidence supports the IJ's determination that any persecution here was not due to Liem's ethnicity or religion, it is unnecessary for us to explore whether substantial evidence supports the IJ's finding that Lieutenant Edward was not exercising state power and thus whether the burden of showing the possibility and reasonableness of internal relocation was placed on the proper party. *See* 8 C.F.R. §§ 1208.16(b)(3)(i) & (ii).

4

We review the IJ's legal conclusions de novo. *Borges v. Gonzales,* 402 F.3d 398, 404 (3d Cir. 2005). We review the IJ's factual determinations, on the other hand, under a "substantial evidence" standard, which requires us to treat findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B).

To be eligible for a grant of withholding of removal to a country, an alien must show that it is more likely than not, that his or her "life or freedom would be threatened in that country *because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.*" 8 U.S.C. § 1231(b)(3)(A) (emphasis added); *see also Zubeda v. Ashcroft*, 333 F.3d 463, 469-70 (3d Cir. 2003) (explaining that alien's burden for withholding of removal is "clear probability," meaning "more likely than not"). If the alien establishes that he suffered persecution in the past on account of one of those grounds, "it shall be presumed that [the alien's] life or freedom would be threatened in the future in the country of removal on the basis of the original claim." 8 C.F.R. § 1208.16(b)(1)(i). An alien who has not established past persecution (or whose fear of future persecution is unrelated to his past persecution) may demonstrate his or her eligibility for withholding of removal by establishing that "it is more likely than not that he or she would be persecuted *on account of race, religion, nationality, membership in a particular social group, or political opinion* upon removal to that country." 8 C.F.R. § 1208.16(b)(2) (emphasis added).

III

5

We find that the IJ's determination that any past persecution Liem suffered by Lieutenant Edward was not on account of his race or ethnicity–but was instead caused by money lost in a business deal gone bad–to be supported by substantial evidence. As we have recognized, "[a] persecutor may have multiple motivations for his or her conduct, but the persecutor must be motivated, at least in part, by one of the enumerated grounds." *Lie v. Ashcroft*, 396 F.3d 530, 535 (3d Cir. 2005) (quotation and citation omitted). The only evidence Liem presented to show that Lieutenant Edward was motivated by Liem's race or ethnicity is that Lieutenant Edward called him and the other business partners "stupid Chinese." Considering the other evidence the IJ recounted as to Lieutenant Edward's motivation–that Edward chose to enter into a business relationship with another native Indonesian and five ethnic Chinese; that the native Indonesian stole the money and fled; that only after this theft did Edward seek out the remaining business partners (all of whom were ethnic Chinese); that Edward's threats were directed at being reimbursed for his stolen money–we cannot find that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B); *see also Lie*, 396 F.3d at 535-36 (finding that substantial evidence supported the BIA's determination that attackers who used "a single ethnic slur" were not motivated by ethnicity when significant evidence indicated motivation was money).

As we have determined that substantial evidence supported the IJ's finding that any past persecution by Lieutenant Edward is not the sort of persecution the withholding statute is designed to address, any threat to Liem in the future by Lieutenant Edward cannot provide

6

the basis for withholding of removal either for the same reason. Consequently, we find that substantial evidence supports the IJ's finding that Liem did not show that it is more likely than not that he would be persecuted on account of his ethnicity or religion if he returns to Indonesia.

For the foregoing reasons, we will deny Liem's petition for review of the denial of his withholding of removal claim.